UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

Land O'Lakes, Inc.,

                Plaintiff,

v.

Little Five Points, Inc.,

                Defendant.

Case No.  6:26-cv-1022 (BKS/ML)

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

For its Complaint against Defendant, Plaintiff states and alleges as follows:

**PARTIES, JURISDICTION**
**AND VENUE**

1.      Plaintiff Land O'Lakes, Inc. ("Land O'Lakes") is a Minnesota cooperative corporation with its principal place of business located in Arden Hills, Minnesota.  Under 28 U.S.C. § 1332(c)(1), Land O'Lakes is a citizen of the State of Minnesota.

2.      Defendant Little Five Points, Inc. ("LFPI") is a South Carolina corporation with its principal place of business located in Frankfort, Herkimer County, New York. Under 28 U.S.C. § 1332(c)(1), LFPI is a citizen of the States of South Carolina and New York.

3.      The amount in controversy in this case, excluding costs and interest, exceeds the sum of $75,000.00.

4.      The Court has subject-matter jurisdiction over this case based upon the complete diversity of citizenship between the parties and the fact that the amount in controversy, excluding costs and interest, exceeds the sum of $75,000.00.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

6.      LFPI is engaged, or was formerly engaged, the business of manufacturing and selling stainless steel tanks.  LFPI conducts business under the assumed name JBF Stainless.

7.      On or about October 9, 2025, Land O'Lakes and LFPI, doing business as JBF Stainless, entered into a contract identified as a Short Form Equipment Agreement ("SFEA").  A true and correct copy of the SFEA, redacted to omit confidential information, is attached to this Complaint as Exhibit A.

8.      Under the SFEA, LFPI agreed to fabricate and supply to Land O'Lakes two, twenty-thousand gallon, stainless steel tanks for storing cream ("the Tanks").

9.      Under Section 2 of the SFEA, LFPI agreed to supply the Tanks to Land O'Lakes no later than May 8, 2026.

10.     The total contract price for the Tanks was $416,700.00.  The contract price was to be paid in installments pursuant to a payment schedule set forth Section 3 of the SFEA.

11.     Land O'Lakes made payments to LFPI under the SFEA in the total amount of $250,000.00.

2

12.    Under Section 13 of the SFEA, Land O'Lakes had the right to terminate the SFEA at any time with or without caused upon written notice to LFPI.  Land O'Lakes' only obligation to LFPA after termination was to pay for equipment, goods or services provided by LFPI to the satisfaction of Land O'Lakes prior to termination.

13.    In early 2026, Land O'Lakes began hearing rumors that LFPI was not paying its suppliers and was on the verge of going out of business.

14.    In late February 2026, LFPI informed Land O'Lakes that it had temporarily shut down production at its tank production facility in Frankfort, New York.

15.    Based upon its concern that LFPI would not be able to perform its obligations under the SFEA, on February 24, 2026, Land O'Lakes sent a formal letter to LFPI terminating the SFEA without cause pursuant to Section 13 of the SFEA.  A true and correct copy of Land O'Lakes' February 24, 2026, termination letter, redacted to omit confidential information, is attached to this Complaint as Exhibit B.

16.    At the time Land O'Lakes sent its termination notice to LFPI, the only work that LFPI had performed under the SFEA was preparation of construction drawings for the Tanks.

17.    In its February 24, 2026, termination letter, Land O'Lakes demanded that LFPI return the payments made by Land O'Lakes in the amount of $250,000.00, less a reasonable charge for preparation of the construction drawings for the Tanks.

18.    LFPI initially agreed to provide Land O'Lakes with information substantiating the cost of preparing the construction drawings for the Tanks.  A true and correct copy of an exchange of e-mail messages between Land O'Lakes and LFPI in which

3

LFPI agreed to provide Land O'Lakes with information substantiating its costs, redacted to omit privileged communications, is attached to this Complaint as Exhibit C.

19.   Despite its promises, LFPI failed and refused to provide the requested information to Land O'Lakes substantiating the cost of preparing the construction drawings for the Tanks.

20.   Upon information and belief, LFPI incurred costs of less than $30,000.00 to prepare the construction drawings for the Tanks.

21.   LFPI has failed and refused to return any portion of the payments made by Land O'Lakes.

22.   Land O'Lakes has satisfied all conditions precedent to the enforcement of the SFEA and the commencement of this action.

## COUNT I
## BREACH OF CONTRACT

Land O'Lakes restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

23.   After termination of the SFEA, Land O'Lakes' only obligation to LFPI was to pay for equipment, goods and services rendered by LFPI to the satisfaction of Land O'Lakes prior to termination.

24.   The only work performed by LFPI under the SFEA was preparation of a set of construction drawings for the Tanks.

4

25.    Under Section 13 of the SFEA, LFPI is obligated to provide Land O'Lakes with a refund in the amount of $250,000.00, less the cost to prepare the construction drawings for the Tanks.

26.    LFPI breached its obligations to Land O'Lakes by failing and refusing to refund to Land O'Lakes any portion of the $250,000.00 of payments made by Land O'Lakes.

27.    Upon information and belief, the reasonable cost to prepare the construction drawings for the Tanks was less than $30,000.00.

28.    Accordingly, Land O'Lakes is entitled to judgment against LFPI in the amount of at least $220,000.00 ($250,000.00 payments - $30,000.00 value of work).

29.    Land O'Lakes is also entitled to recover prejudgment interest, costs and disbursements.

**COUNT II**
**UNJUST ENRICHMENT**

Land O'Lakes restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

30.    Land O'Lakes made payments to LFPI under the SFEA in the amount of $250,000.00.

31.    LFPI only had the right to retain from the payments made by Land O'Lakes a reasonable amount for the preparation of the construction drawings for the Tanks.

32.    Upon information and belief, the reasonable cost of preparing the construction drawings for the Tanks was less than $30,000.00.

33.     LFPI has failed and refused to refund the portion of the payments made by Land O'Lakes that LFPI did not earn.

34.     LFPI has been unjustly enriched by retaining the portion of the payments made by Land O'Lakes that LFPI did not earn.

35.     It would be unjust, inequitable and morally wrong to permit LFPI to retain the portion of the payments made by Land O'Lakes that LFPI did not earn.

36.     Land O'Lakes is entitled in equity to the sum of at least $220,000.00 from LFPI, representing the portion of the payments made by Land O'Lakes that LFPI did not earn.

37.     Land O'Lakes is also entitled to recover prejudgment interest, costs and disbursements.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Land O'Lakes hereby demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Land O'Lakes respectfully prays for this Court's judgment as follows:

1.     Awarding Land O'Lakes damages against LFPI in the principal amount of at least $220,000.00;

2.     Awarding Land O'Lakes prejudgment interest;

3.     Awarding Land O'Lakes its costs and disbursements; and

4.    Granting Land O'Lakes all such other and further relief as the Court deems just and equitable under the circumstances.

LAND O'LAKES, INC.

Dated: May 7, 2026                                     By: s/Jonathan C. Miesen
                                                           Jonathan C. Miesen
                                                           Associate General Counsel-Litigation
                                                           Bar Roll No. 518594

                                                           4001 Lexington Avenue North
                                                           Arden Hills, Minnesota 55126
                                                           Telephone: (651) 375-5985
                                                           Facsimile:  (651) 234-0535
                                                           E-Mail: jcmiesen@landolakes.com

                                                           Attorney for Plaintiff